IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CV416 291

| | |
|---|---|
| DANIEL DEFENSE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| BATTLE ARMS DEVELOPMENT, ) | DEMAND FOR JURY TRIAL |
| INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

Plaintiff, Daniel Defense, Inc. (hereinafter referred to as "Daniel Defense" or "Plaintiff") states the following as and for its Complaint against Defendant, Battle Arms Development, Inc. (hereinafter referred to as "BAD" or "Defendant"), and alleges as follows:

### NATURE OF THIS ACTION

1. This Complaint is an action for patent infringement under Title 35 of the United States Code, against BAD, for BAD's patent infringement of Daniel Defense's patent. BAD's actions entitle Plaintiff to injunctive relief, damages, recovery of Plaintiff's costs and reasonable attorneys' fees incurred, and any such other relief as the Court may deem appropriate.

### PARTIES

2. Plaintiff, Daniel Defense is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business located at 101 Warfighter Way, Black Creek, GA 31308. Daniel Defense is a manufacturer, distributor and seller of firearms and firearms accessories in the United States (with product distribution throughout the world). Daniel Defense also has a manufacturing facility in Ridgeland, South Carolina.

3.  BAD is a corporation organized and existing under the laws of the state of Nevada, with its main corporate office located at 180 Cassia Way, Suite 510, Henderson, NV 89014, and has its registered agent for service of process, David Bindrup Law Firm, PLLC, 10424 S. Eastern Ave, Ste. 101, Henderson, NV 89052.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a), in that it arises under the United States Patent Laws.

5.  On information and belief, BAD is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Georgia Long-Arm Statute, due at least to its conducting substantial business in this State and judicial district, including: (a) at least part of its infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Georgia residents.

6.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391 and 1400(b). BAD is transacting, doing, and/or soliciting business, and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## FACTUAL BACKGROUND

**A. Daniel Defense and Its Patent.**

7.  Plaintiff is a manufacturer, distributor and seller of firearms and firearms accessories in the United States, and with product distribution throughout the world.

8.  Plaintiff is the owner of all right, title, and interest in United States Patent No. 8,407,923, entitled "Systems and Methods for Associating an Accessory with a Firearm"

(hereinafter, "the '923 Patent"), which was duly and legally issued by the United States Patent Office on April 2, 2013. A copy of the '923 Patent is attached hereto as **Exhibit A**. One of the many products embodied in the '923 patent is the Daniel Defense Micro Mount.



*See,* https://danieldefense.com/mounts/aimpointr-micro-mount-absolute-co-witness.html.

9. BAD does not have any license, authorization, consent, or permission from Plaintiff to manufacture, use, offer to sell, or sell any product embodying the subject matter of any claim of the '923 Patent, or to engage in any other activity that would, in the absence of any license, authorization, permission, or consent, infringe upon or in any way violate any right or interest of Plaintiff in or relating to the '923 Patent.

10. BAD has been infringing and/or otherwise violating Plaintiff's rights with respect to claims of the '923 Patent by, among other things, manufacturing, using, offering for sale, and/or selling in this district and elsewhere throughout the United States an optic mount which embodies the subject matter of claims of the '923 Patent, and will continue to do so unless and until enjoined by this Court. At least one example of the infringing product is BAD's BAD-MRO "Trijicon MRO Optic Mount Absolute", an example of which is shown as follows:




See, https://www.battlearmsdevelopment.com/trijicon-mro-optic-mount-absolute-black.

11.     BAD has, with full knowledge of Daniel Defense's product and patent, commenced and/or continued infringement of and/or otherwise acted in violation of Plaintiff's rights with respect to the claims of the '923 Patent in willful disregard of Plaintiff's rights thereunder.

12.     On information and belief, BAD started selling the BAD-MRO, Trijicon MRO Mount on or about May 2, 2016 via its website:

See, http://www.battlearmsdevelopment.com/products/new-products.

13.     On information and belief, in January of 2016 (i.e., 38 weeks ago) BAD posted a picture of Daniel Defense's Micro Mount on its Social Media Instagram Account. See, as follow:



See, https://www.instagram.com/battlearms/. *Emphasis added in black box.*

## COUNT I – PATENT INFRINGEMENT

14. Plaintiff hereby restates the averments of the previous paragraphs as if fully set forth herein, and for its Count I states as follows:

15. BAD has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '923 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, selling, offering to sell, and/or using in the United States, products covered by at least one claim of the '923 Patent.

16. The claims of the '923 Patent that are infringed are valid and enforceable and the '923 Patent is valid, unrevoked, enforceable, in force, and subsisting.

17. The acts of BAD complained of herein have been and are now being done willfully with knowledge of, or reason to know, that they violate Plaintiff's rights under and related to the '923 Patent including, but not limited to, infringement of the '923 Patent.

18. The acts of BAD complained of herein have caused and are presently causing irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, and such acts will continue to cause such irreparable harm, damage, and injury to Plaintiff unless and until the same are enjoined and restrained by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That judgment be entered in favor of Plaintiff against the BAD as to the above claim for relief;

b. That a preliminary and permanent injunction against BAD enjoining it from and against any and all further and/or continued infringement, contributory infringement, and active inducement of infringement of the claims of the '923 Patent;

c. That BAD be directed to file with the Court and serve upon Plaintiff, no less than thirty (30) days after issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which BAD has complied with the injunction;

    d.    That BAD be directed to destroy any and all products (i.e., firearm accessories), and any and all documents, literature, advertising, banners, social media, and online materials related to the infringement of Daniel Defense '923 patent;

    e.    That an accounting for damages be accorded to Plaintiff to redress BAD's infringement and any/all other compensable violations of Plaintiff's rights pertaining to the '923 Patent, and that this case be deemed an "exceptional case" pursuant to 35 U.S.C. § 285, because of *inter alia* the knowing, willful and wanton nature of BAD's conduct, and that such damages be trebled thereunder;

    f.    That an assessment of interest be granted to Plaintiff on all such damages.

    g.    That Plaintiff be awarded its reasonable attorneys' fees, costs and expenses in this action under 35 U.S.C. § 285; and

    h.    That Plaintiff be awarded such other and further relief as the Court may deem just.

Date: November 4, 2016        By:   /s/ Justin Charles Ward

        Justin Charles Ward
        Georgia State Bar No. 746408
        **Daniel Defense, Inc.**
        101 Warfighter Way
        Black Creek, GA 31308
        Telephone: (912) 851-3293
        Fax: (912) 851-3249
        jward@danieldefense.com

        *Counsel for Plaintiff*