IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL DEFENSE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 4:16-cv-00291-JRH-GRS |
| BATTLE ARMS DEVELOPMENT, ) | |
| INC., ) | DEMAND FOR JURY TRIAL |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DANIEL DEFENSE'S MEMORANDUM IN OPPOSITION TO BAD'S
MOTION TO DISMISS**

The motion to dismiss filed by the Defendant, Battle Arms Development, Inc. ("BAD") is unsupported by any pertinent legal authority, or any reasonable argument, and thus should be denied.

**I.     BAD's Speculation *in Futuro* About Whether Existing Law Might Be Overruled is Inappropriate.**

Under the prevailing law, patent venue is proper wherever personal jurisdiction exists. *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed. Cir. 1990).[1] Manifestly, BAD's Ms. Huang in her Declaration effectively admits that jurisdiction and venue respectively exist before this Court – inasmuch as at least one accused infringing unit has been actually sold[2] (i) in the State of Georgia, thus providing Long Arm jurisdiction under O.C.G.A. §

---

[1] "We hold that Congress by its 1988 amendment of 28 U.S.C. § 1391(c) meant what it said; the meaning of the term `resides' in § 1400(b) has changed." *Id.* for *VE Holding Corp. at 1575.*

[2] BAD has also "offered for sale" the infringing product in Georgia, in further violation of 35 USC §271(a).

9-10-91, and (ii) within the Southern District of Georgia, providing venue before this Court under 28 USC §1391(c)[3] and §1400(b)[4]. *See, Defendant's Exhibit A,* Doc. 18-1, Dec. 22, 2016.

Nonetheless, BAD argues the pure speculation that the Supreme Court **might** at some unspecified time in the future[5] over-rule the Federal Circuit and in so doing overturn more than a quarter of a Century of settled law regarding patent venue. *See, Defendant's Exhibit B, Petition for a Writ of Certiorari, TC Heartland v. Kraft Foods Group Brands LLC,* Doc 18-3, Dec. 22, 2016.

BAD yet further speculates that the Supreme Court might additionally order a <u>retroactive</u> application of this proposed hypothetical New Venue Rule, and thereby, dismiss hundreds and hundreds of pending patent cases – all of which had been filed in reliance upon settled patent venue law. But, if the Supreme Court were to do as BAD suggests, dozens of District Courts would have made substantial investments in the adjudication of these cases that had been "mis-filed" in reliance upon the settled law.

Moreover, BAD makes no attempt to provide a *Chevron Oil* analysis to justify BAD's mere <u>assumption</u> that, if the Supreme Court were to overrule existing law, this New Venue Rule would somehow be applied retroactively. *See, Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971). However, and contrary to BAD's suggestion, a court <u>in a civil case</u> may apply a decision purely prospectively, binding neither the parties before it nor similarly situated parties in other pending cases, and depending on the answers to three (3) questions:

---

[3] 28 USC §1391(c): *For purposes of venue under this chapter,* a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.
[4] 28 USC §1400(b): Any civil action for patent infringement may be brought in the judicial district where the defendant resides….
[5] BAD also proposes the impracticality of holding its venue motion in abeyance for an unspecified time, which thus should be denied out-of-hand.

- First: does the court's decision announce a new and unexpected rule of law -- by, for example, overruling settled precedent on which the parties may have relied?
- Second: does the history of the jurisprudence in the affected area of the law, together with the new rule's purpose and effect, counsel for or against retroactive application?
- Third: would retroactive application give rise to a substantial inequity?

*Id*. for *Chevron* at 106-107.[6]

Under the present facts, it seems clear that, assuming *arguendo* that the Supreme Court were to overrule existing law (which is in substantial doubt), any such application would likely be prospective only, based upon the rather obvious answers to the *Chevron Oil* inquiries demonstrating: (1) reliance upon the established rule of law; (2) no particular reason to favor patent infringers or to shift venue based upon the infringer's alleged "convenience"; and (3) the inequities that would arise to patent owners.

**II.     The Complaint, as Filed, is Not Vague or Indefinite.**

**A.     BAD's Argument is Without Support in the Law.**

Defendant BAD argues in its motion to dismiss:

> In addition, the Complaint fails to identify a single claim of the asserted patent that plaintiff claims is infringed, or to identify how the accused product infringes any specific claim of the asserted patent, both of which are required to state a plausible claim for relief under *Iqbal* and *Twombly*.
>
> *See, Defendant's Motion to Dismiss,* Doc. 18, p. 1, Dec. 22, 2016.

But, however, neither *Iqbal* nor *Twombly* holds to such a proposition (*i.e.,* the mandatory pleading of detailed Infringement Contentions). Unfortunately, BAD gives little guidance on the

---

[6] The validity of the *Chevron Oil* test for determining prospective-only versus retroactive application after the overruling of established law in a civil case was reconfirmed *en banc* by the 11th Circuit in the case of *Glazner v. Glazner*, 347 F. 3d 1212 (11th Cir. 2003) (en banc).

3

prevailing legal standards.[7]  A helpful summary is given in the case of *Pfizer Inc. v. Apotex Inc.,* 726 F. Supp. 2d 921 (ND Ill. 2010):

> To survive a Rule 12(b)(6) motion to dismiss, the counterclaims first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Second, the factual allegations in the counterclaims must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "Detailed factual allegations" are not required, but Apotex must allege facts that, when "accepted as true, * * * `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 550 U.S. at 563, 127 S.Ct. 1955.

*Id.* for *Pfizer* at 927.

As applied to the pleading of patent infringement, please also see the *Atlas* case, which rejected defendant's argument that plaintiff should be required to plead all asserted claims because "*Iqbal* and *Twombly* only require Plaintiff to state a plausible claim for relief, which can be satisfied by adequately pleading infringement of one claim".[8] *See, Atlas IP LLC v. Pac. Gas & Elec. Co.,* No. 15-CV-05469-EDL, 2016 WL 1719545, at *5 (N.D. Cal., Mar. 9, 2016); *see also*

---

[7] On the subject of the controlling legal authorities, BAD's citations to: (i) a Law360 Article (BAD's Exhibit D, Doc. 18-4, 12/22/2016), and (ii) a Report on the workings of the "Sedona Conference" (BAD's Exhibit E, Doc. 18-5, 12/22/2016), have no standing as legal authority before this Court or anywhere else.

[8] Daniel Defense stated in its complaint that BAD has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '923 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, selling, offering to sell, and/or using in the United States, products covered by at least one claim of the '923 Patent. *See,* Plaintiff's *Complaint,* Doc. 1, 11/4/2016.

*Avago Techs. General IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.,* No. 15-CV-04525-EMC, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016), which states:

> Here, the allegations are not as conclusory as that formerly permitted under Form 18 and has sufficient specificity to provide at least some notice to ASUS. Moreover, this District generally has not required detailed infringement theories until the time that infringement contentions are served, which is typically several months after a complaint has been filed. *See* Pat. L.R. 3-1 (providing that infringement contentions shall be served "[n]ot later than 14 days after the Initial Case Management Conference"); Civ. L.R. 16-2(a) (providing that the Initial Case Management Conference, as a general matter, "shall be on the first date available on the assigned Judge's calendar that is not less than 90 days after the action was filed").

The same facts apply here.

### B. The Events and Scheduling set forth in the Patent Rules of the Northern District of Georgia Should be Adopted for Purposes of this Case.

BAD argues that the Southern District of Georgia should in this case ignore its practice of utilizing the Local Patent Rules of the Northern District of Georgia, which offer the court efficient and helpful guidelines for the timing and sequencing of when and how "Infringement Contentions" should be provided. The Local Patent Rules of the Northern District are substantially identical to the Local Patent Rules utilized in many jurisdictions nationally (for example, in the Northern District of California, the Central District of California, the Northern District of Illinois, the Southern and Eastern Districts of New York, etc.) and which provide:

> **LPR 4.1. INFRINGEMENT CONTENTIONS**
>
> (a) A party claiming patent infringement shall serve on all parties a Disclosure of Infringement Contentions at the time specified in these Rules. A separate Disclosure shall be made for each party accused of infringing a patent-in-suit.
>
> (b) The Disclosure of Infringement Contentions shall contain the following information:
>
> (1) Each claim of each patent in suit that is allegedly infringed by each opposing party;

5

(2) Separately for each asserted claim, each accused apparatus, method, composition or other instrumentality ("Accused Instrumentality") of each accused party of which the claiming party is aware. This identification shall be as specific as possible, with each apparatus identified by name or model number, if known, and each method identified by name, if known;

(3) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(4) Whether each element of each asserted claim is claimed to be literally present, present under the doctrine of equivalents, or both, in the Accused Instrumentality; and

(5) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

(c) With the Disclosure of Infringement Contentions, the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

(1) Documents sufficient to evidence each instance of providing the claimed invention to a third party, by sale, offer to sell, or other manner of transfer, prior to the date of application for the patent in suit;

(2) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant in the Disclosure, whichever is earlier;

(3) A copy of the file history for each patent in suit; and

(4) A copy of all non-U.S. patents claiming a common priority with any patent asserted in the case, together with a copy of all prior art cited in such non-U.S. patent proceedings.

(d) A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

*See, Northern District of Georgia Local Rules,* LPR 4.1, p. 5-7. *Available at:* <http://www.gand.uscourts.gov/sites/default/files/NDGARulesPatent.pdf>.

In this Court's case of *Eagle Parts v. Custom Golf Supply*, Civil Action No. 1:14-cv-0189 (SDGA 2014), Defendant's counsel here (Mr. Kent) represented the patent owner, and in that case filed the Plaintiff's Complaint on October 3, 2014, which made the statement that:

> Defendant has directly infringed at least independent claim 1 of the '860 patent in violation of 35 U.S.C. § 271(a) by making, importing, using, selling, or offering for sale in the United States products that embody the patented invention. Defendant's infringing products include, without limitation, its series 6100 Acrylic Hinged and 6200 Flex-Fold Hinged Folding Windshields, including but not limited to model numbers: 6172, 6176, 6177, and 6278, and other similarly designed windshield products incorporating the claimed invention.

*See, Exhibit A*.

Nowhere in the *Eagle* Complaint did Mr. Kent make any factual allegations explaining how the Accused Product allegedly infringes any specific claim of the '860 Patent, let alone how the Accused Product allegedly satisfies each and every element of each and every asserted and identified claim.

On December 10, 2014, Mr. Kent filed the Rule 26(f) Joint Report, suggesting to the *Eagle* Court that the scheduling, sequencing and practice of the Northern District's Patent Rules be adopted. *See, Exhibit B* hereof, which requests that the Court enter the following scheduled item:

> January 09, 2015: Plaintiff's disclosure of Infringement Contentions (including an **identification of each asserted claim**, each accused product, and a chart identifying where each element of each asserted claim is found in each accused product).

*See, Exhibit B. Emphasis added.*

On December 18, 2014, in reliance upon Mr. Kent's filing and request, this Court issued a Scheduling Order setting down the Plaintiff's "Disclosure of Infringement Contentions" for January 9, 2015. *See, Exhibit C.*

7

Nonetheless, in Defendant BAD's present motion to dismiss, the Defendant argues for the imposition now of a very different procedure:

> The asserted '923 patent contains 16 claims, including two independent claims and fourteen dependent claims. *See* '923 Patent [Doc. 1-1], columns 11-14. Of these 16 claims, the complaint fails to identify any specific claim of the '923 Patent plaintiff alleges is infringed. *See* Complaint.
>
> The complaint identifies one "example of the infringing product" as "BAD's BADMRO "Trijicon MRO Optic Mount Absolute" (the Accused Product). *See* Complaint [Doc. 1], ¶ 10. The Complaint fails, however, **to make any factual allegations explaining how the Accused Product allegedly infringes any specific claim of the '923 Patent, let alone how the Accused Product allegedly satisfies each and every element of each and every asserted and identified claim.** (emphasis added).

*See, Defendant's Motion to Dismiss,* Doc. 18, Dec. 22, 2016.

Thus, the Record shows that the non-detailed, notice pleading *Eagle* Complaint was filed on October 3, 2014, which is years after the *Iqbal* and *Twomby* cases. Therefore, it would seem inappropriate to argue that *Iqbal* and *Twomby* had somehow foreclosed the form of pleading used there. As stated hereinabove, the Complaint filed in the *Eagle* case (i) does not include a claim chart, or (ii) any other form of reasonable detail setting forth the infringement that is alleged. Unquestionably, the interpretation of the *Iqbal* and *Twombly* cases that BAD now seeks to advance here is quite different from the interpretation utilized before this Court by BAD's counsel only a short time ago (i.e., 2014). But, in any event, BAD advances no reason of substance as to why the logical and efficient procedures set forth in the NDGA Local Patent Rules should not be utilized here.

In so arguing, BAD apparently misunderstands the minor effect (if any) of the abrogation of Rule 84 of the Federal Rules of Civil Procedure, which had merely included 36 Forms, many of which were thought to be out-of-date, or seldom used. Rule 84 did include Form 18, which was a Complaint that <u>could be</u> used in patent cases. The former (and albeit extremely brief) "<u>Form 18. Complaint for Patent Infringement</u>" had not provided any detail of any kind:

1. Statement of Jurisdiction>
2. On <Date>, United States Letters Patent No. <_____> were issued to the plaintiff for an invention in an electric motor. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent. The defendant has infringed and the patent. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
3. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement.
4. Therefore, the plaintiff demands: a preliminary and final injunction against the continuing infringement; an accounting for damages; and interest and costs.
5. (request for relief omitted).

But the abrogation of Rule 84 was never pointed specifically at patent law, toward patent Complaints, or for changing the rules of pleading in patent cases. And, in point of fact, the Complaint filed by Daniel Defense here was substantially more detailed than the bare-bones, former Form 18.

Furthermore, in emphasizing the non-effect of the elimination of these Forms, the Committee Notes on Rules—2015 Amendment, plainly cautions: **"The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8."** (emphasis added). Simply stated, and as a matter of logic, the mere elimination of an optional Form (that was not used here) cannot somehow by inference mandate the pleading of evidence, as opposed to the "federal notice pleading" required under Rule 8 FRCP for the past 80 years.

Moreover, BAD seems to argue the further error in logic and of inefficiency that the procedure encompassed in Local Patent Rule 4.1 must be duplicated in the Complaint. But, however, BAD fails to cite a single case where a court has dismissed a complaint because the complaint did not pre-emptively lay-out, chapter-and-verse, the "Infringement Contentions" that are to be later disclosed under the Case Management Schedule adopted by the court. Thus, it is

9

respectfully submitted that the far better method of handling a subject that is as complex as the subject of Infringement Contentions, remains the utilization of the schedule provided in the Local Patent Rules, as set forth above (i.e., thereby to identify the particulars of each claim of each patent in suit that is allegedly infringed by each opposing Party).

Finally, BAD would pretend that it has not already been informed as to how and why BAD's accused product infringes the '923 claims. Nearly five (5) months before the filing of the Complaint, and on June 20, 2016 Daniel Defense had courteously and completely advised BAD of BAD's infringement via a detailed cease and desist letter. *See, Exhibit D hereof.* Plainly, Daniel Defense's comprehensive cease and desist letter shows a claim chart, and BAD's infringing device, together with pictures and detailed explanations.

In any necessary amended pleading, Daniel Defense would either list the "at least claim one of '923 patent that has been infringed (i.e., claim 1)", or simply attach Exhibit D hereof to the Amended Complaint and incorporate it by reference.

## Conclusion

Accordingly, Daniel Defense respectfully opposes BAD's motion, and respectfully submits that BAD's motion should be denied.

Respectfully submitted this 24th day of December, 2016,

By: **/s/ Justin Charles Ward**
Justin Charles Ward
Georgia State Bar No. 746408
**Daniel Defense, Inc.**
101 Warfighter Way
Black Creek, GA 31308
Telephone:  (912) 851-3293
jward@danieldefense.com

Robert M. Ward
(Georgia Bar No. 775401)
3455 Peachtree Road NE, Floor 5
Atlanta, GA 30326
Ph: (404) 606-6480
Email: rward@bmwiplaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the Southern District of Georgia, with notice and copy of same being electronically served by the Court upon all counsel of record.

This 24th Day of December 2016.

                                              **/s/ Justin Charles Ward**
                                              Justin Charles Ward
                                              Georgia State Bar No. 746408
                                              **Daniel Defense, Inc.**
                                              101 Warfighter Way
                                              Black Creek, GA 31308
                                              Telephone:  (912) 851-3293
                                              jward@danieldefense.com